OPINION OF THE COURT
Fuchsberg, J.
This case presents issues regarding alleged incompatibility and conflict of interest in the simultaneous holding of two public offices.
Respondent John J. Macejka has for a long time occupied the appointive position of Assessor in the Town of Rotterdam in Schenectady County. Without relinquishing that office, on January 11, 1972 he was elected a member of the Schenectady County Board of Representatives, that local governmental unit’s legislative body. Having successfully stood for re-election, he has continued to act in both capacities ever since.
Appellant, C. Douglas O’Malley, a taxpayer and at the time a candidate opposing Macejka’s re-election to his seat on the Board of Representatives, commenced this action against the respondent and the members of the Rotterdam Town Board pursuant to section 51 of the General Municipal Law. He thereby sought to have the assessorship declared vacant and a refund ordered of the salary paid to Macejka for that office since the date he became a representative.
Special Term denied defendants’ CPLR 3211 motion for dismissal of the complaint and granted plaintiff’s motion for summary judgment. The Appellate Division, on the law and purportedly on the facts, has reversed the order and judgment *533 entered thereon and dismissed the complaint. We believe that reversal was correct.
Initially, we observe that the appellant has utterly failed to make an evidentiary showing of the existence of any direct clash between Macejka’s personal interests and his public duties and responsibilities in either office. Not involved here, for example, is a situation where an assessor undertakes to assess his own property or a legislator votes on a claim he himself may have against the county. The mere possibility that such an eventuality might arise does not disqualify an officeholder from assuming or retaining his or her position (see People ex rel. Ryan v Green, 58 NY 295, 304-305), although, if this does occur, the officeholder should refrain from participating in any way (see, e.g., People ex rel. Pond v Board of Trustees of Vil. of Saratoga Springs, 4 App Div 399; People ex rel. Davis v Thomas, 33 Barb 287; cf. Rose v Eichhorst, 42 NY2d 92).
In the present case there is no assertion that Macejka has ever been faced with a conflict of this character and, much less, that he then failed to observe the appropriate standards of conduct. Nor is there any charge of even the slightest personal involvement touching on "any contract with the municipality of which [the respondent] individually or as a member of a board has the power or duty to (a) negotiate, prepare, authorize or approve the contract or approve payment thereunder” or "(b) audit bills or claims under the contract” or "(c) appoint an officer or employee who has any of the powers or duties set forth above” (General Municipal Law, § 801, subd 1). It is clear therefore that the only cognizable conflict to which appellant points is that which he claims is inherent in an alleged incompatibility between the respective responsibilities of respondent’s two offices themselves.
But, absent such a direct conflict in responsibilities, it would be no disqualification that the respondent’s position and experience as an assessor may influence his views on related legislative proposals. For a legislator properly may act as the zealous advocate of the most partisan of causes. Indeed, legislators often seek election on the basis of their support of particular programs or groups with whose special interests they may openly align themselves. Indeed, where a legislator possesses a special expertise — be it that of banker, labor leader, farmer, lawyer, artisan or, as here, tax assessor — he may not only be expected to bring his knowledge and opinions *534 to bear on the proposals before him, but to share them with his legislative confreres as well. After all, as a legislator he is a member of a body which has been tellingly described as "a bargaining institution * * * a means by which society settles its accounts among various groups” (Prendergast, Professional Approach to Advocacy in a Legislature, 34 Albany L Rev 69, 70, 75).
Put another way, when he takes office a legislator need not, and hardly can, "divest himself of the attitudes he has acquired up to that time. The prevailing myths may hold that he does so or should do so, but to accept such folklore literally is to fall victim to the institutional fallacy, to look at formalities and to ignore relationships” (Truman, The Dynamics of Access in the Legislative Process, in Wahlke & Eulau, Legislative Behavior, 150, 156; see, also, The Federalist, No. 10 [Madison]; Lockard, The State Legislator, Report of Twenty-Ninth American Assembly on State Legislatures in American Politics, 98, 118-123).
Clearly an antithetical view would run counter not only to reality but to an enshrined principle of our legislative tradition — the right of electors to be represented by persons of their own choice (16 Parliamentary History of England 589-590 [1769]). As Alexander Hamilton expressed it at the New York convention which preceded the adoption of our Federal Constitution, "Representation is imperfect in proportion as the current of popular favor is checked” (2 Debates, Adoption of Federal Constitution 257 [Elliot ed, 1876]; see, also, Gordon, Constitutional Right to Candidacy, 25 Kan L Rev 545, 546-548).
It is then not surprising that there is no statutory prohibition against the respondent’s concurrent service as an appointed Town Assessor and as an elected county representative. Indeed, it has been common practice for executive officers of a town to simultaneously hold office in a county-wide legislature (County Law, § 150; Town Law, § 41, subd 7; cf. Village Law, § 4-400, subd 1; see Franklin v Krause, 32 NY2d 234, app dsmd 415 US 904).
We turn now to the appellant’s allegation that specific, statutorily defined functions of respondent’s two offices are so squarely at odds with one another that, notwithstanding the legislative nature of one of the offices, there is an inescapable incompatibility in permitting them to reside in the same *535 individual. Incompatibility has been said to exist when there is a built-in right of the holder of one position to interfere with that of the other, as when the one is subordinate to, or subject to audit or review by, the second. Obviously, in such circumstances, were both posts held by the same person, the design that one act as a check on the other would be frustrated. (People ex rel. Ryan v Green, 58 NY 295, 304-305, supra; Matter of Fauci v Lee, 38 Misc 2d 564, 567-568, affd 19 AD2d 777; cf. Rose v Eichhorst, 42 NY2d 92, supra.)
Our examination reveals no problem of this kind in the case before us. Thus, while section 212 of the Real Property Tax Law provides a means to ascertain whether a town assessor is assessing property at full value, that evaluation, even when made by a county equalization agency rather than the State Board of Equalization and Assessment (Real Property Tax Law, § 800), is governed by data provided by the State alone (Real Property Tax Law, § 1202).
Even the procedure a property owner must follow to correct a clerical error is prescribed by the State board and the recommendations for correction are to be made by the County Director of Real Property Tax Service and not by the Town Assessor (Real Property Tax Law, § 554). The latter’s role is purely ministerial and the County Board of Representatives as an institution plays no role in this process.
True it is that, as assessor, respondent must certify the valuations he has placed on the real property within the town for use by the county legislature as a base for the application of the county-wide taxes it levies. However, neither local assessors nor county legislators review each other’s work. Moreover, while a town tax assessor may receive "advice” from the Schenectady County Manager, it is no more than that (Schenectady County Charter, § 3.01; see Real Property Tax Law, § 1530, subd 1).
It follows that the duties of County Representative Macejka are neither incompatible nor in conflict with those of Town Assessor Macejka. Accordingly, the order should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, and Cooke concur.
Order affirmed, with costs.